**CHRISTENSEN JAMES & MARTIN, CHTD.**
Wesley J. Smith, Esq. (11871)
Kevin B. Archibald, Esq. (13817)
Dylan J. Lawter, Esq. (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: wes@cjmlv.com, kba@cjmlv.com, djl@cjmlv.com
*Attorneys for Plaintiffs Board of Trustees
of the Employee Painters' Trust, et al.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA AND CALIFORNIA GLAZIERS, FABRICATORS, PAINTERS AND FLOORCOVERERS PENSION TRUST FUND; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA PAINTERS AND DECORATORS AND GLAZIERS LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; THE PAINTERS AND ALLIED TRADES LABOR-MANAGEMENT COOPERATION INITIATIVE; and IUPAT POLITICAL ACTION TOGETHER FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> COR-RAY PAINTING CO., a California corporation; DAVID KENNETH TRACY, an individual; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland | CASE NO.: <br><br> **COMPLAINT** <br><br><br> Date: N/A <br> Time: N/A |

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

corporation; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,

Defendants.

The Plaintiffs, Board of Trustees of the Employee Painters' Trust; Board of Trustees of the International Painters and Allied Trades Industry Pension Fund; Board of Trustees of the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund; Board of Trustees of the District Council 16 Northern California Journeyman and Apprentice Training Trust Fund; Board of Trustees of the Finishing Trades Institute; Board of Trustees of the Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust; The Painters and Allied Trades Labor-Management Cooperation Initiative; and IUPAT Political Action Together Fund ("Plaintiffs"), acting by and through their attorneys, Christensen James & Martin, Chtd., hereby complain, assert, and allege as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. To the extent this Complaint sets forth any state law claims, this Court has

supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Trusts are administered and where the contractual obligation is to be paid.

## PARTIES

5.     The Employee Painters' Trust; International Painters and Allied Trades Industry Pension Fund; Finishing Trades Institute; District Council 16 Northern California Journeyman and Apprentice Training Trust Fund; Finishing Trades Institute; Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund; and the Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust (collectively the "Trusts") are each are express trusts created pursuant to written declarations of trust ("Trust Agreements") between various unions and various employer associations.

6.     The Trusts exist to provide employee benefits to participants under a "multiemployer plan," "employee benefit plan," "employee benefit pension plan," and/or "employee welfare benefit plan," as the case may be, within the meaning of ERISA, 29 U.S.C. § 1002.

7.     The Boards of Trustees and the individual Trustees of each of the Trusts is a "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16) and (21), with respect to collection of fringe benefit contributions, dues, and withholdings due to the Trusts and related matters.

8.     The Trusts were created and now exist pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are administered in Las Vegas, Nevada.

9.     The Painters and Allied Trades Labor-Management Cooperation Initiative ("LMCI") and the IUPAT Political Action Together Fund ("PAT") are funds, associations, or

-3-

committees to which Cor-Ray Painting Co. is required to pay fringe benefit contributions, dues, and withholdings pursuant to the terms of the Labor Agreement, as described below.

10. Defendant COR-RAY PAINTING CO. ("Cor-Ray") was or is a California limited liability company doing business as a contractor in California under License No. 233474 ("CA License") and Nevada under License No. 0079859 ("NV License") (CA License and NV License are collectively referred to herein as "Licenses").

11. At all times material herein, Cor-Ray has maintained and operated its principal place of business and its administrative offices at 10114 Shoemaker Ave, Sante Fe Springs, CA 90670.

12. Defendant DAVID KENNETH TRACY ("Tracy") is an individual believed to be residing in California and is the President of Cor-Ray.

13. Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND ("FDC") is a Maryland corporation acting as a surety in the states of California and Nevada that issued five or more Bonds to Cor-Ray, including the following:

    a. Benefit Surety Bond No. 08641890 in the amount of $50,000, effective April 27, 2004;

    b. Benefit Surety Bond No. 9075468 in the amount of $50,000, effective March 27, 2012;

    c. Contractor's Bond No. 8032918 in the amount of $15,000, effective January 1, 2016 (increased to $25,000 on January 1, 2023), as a condition of its CA License;

    d. Bond of Qualifying Individual No. 08770207 in the amount of $12,500, effective March 7, 2008 (increased to $25,000 on January 1, 2023), as a condition of its CA License;[1] and

    e. Contractor's Bond No. 9178725 in the amount of $50,000, effective February

---

[1] The Qualifying Individual's name is David Kenneth Tracy.

-4-

24, 2015, as a condition of its NV License (collectively, the "Bonds").

14. The delinquencies asserted herein owed by Cor-Ray to the Plaintiffs are properly payable out of the proceeds of the Bonds.

15. The true names and capacities, whether partnership, individual, corporate, company, associate, or otherwise of John Does I-XX, inclusive, and Roe Corporations I-XX, inclusive, are unknown to the Plaintiffs at this time and said Defendants are therefore sued by fictitious names. The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

## GENERAL ALLEGATIONS

16. On or about March 29, 2019, Cor-Ray signed the National Tank and Pipelines Agreement ("Labor Agreement") between the International Union of Painters and Allied Trades, AFL-CIO (the "Union") and Cor-Ray Painting Co.

17. By the terms of the Labor Agreement, Cor-Ray is bound to the contribution provisions contained therein and the terms of the Trust Agreements.

18. The Labor Agreement has not expired, has not been terminated, and remains in full force and effect.

19. Cor-Ray is an "employer" as that term is understood and defined in the Labor Agreement and Trust Agreements.

20. Cor-Ray is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

21. Cor-Ray is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

22. At all times material herein, the Union has been a labor organization representing employees in the construction industry in an industry affecting commerce within

the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

23. The Labor Agreement and Trust Agreements cover and apply to all painting and related work (as more particularly described in the Labor Agreement) performed by employees of Cor-Ray.

24. At all times material herein, Cor-Ray was obligated by the terms of the Labor Agreement and Trust Agreements to submit written reports to the Trusts on a timely basis showing the identities of employees performing work covered by the Labor Agreement, and the number of hours worked by or paid to these employees. Further, Cor-Ray promised that it would pay contributions to the Trusts on a monthly basis and at specified rates for each hour worked by or paid to its employees for covered labor performed by its employees. At all times material herein, Cor-Ray was obligated to submit said monthly reports and pay said contributions to the Trusts at its administrative office on or before the due date.

25. As a result of the reporting and payment obligations imposed by the Labor Agreement, the Trusts are intended beneficiaries of the Labor Agreement, and Cor-Ray is "obligated to make contributions to…multiemployer plan[s]" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

26. In the event that Cor-Ray fails to timely remit reports and contributions to the Trusts, the Labor Agreement, Trust Agreements, and ERISA (29 U.S.C. § 1132(g)(2)) require Cor-Ray to pay, in addition to the contributions due, interest and liquidated damages to the Trusts at rates determined by the Boards of Trustees.

27. The Labor Agreement, Trust Agreements, and ERISA also require Cor-Ray to reimburse the Trusts for any attorney's fees and costs incurred as a result of Cor-Ray's late payment or delinquencies.

28. Cor-Ray is required by ERISA, 29 U.S.C. § 1059, to maintain records sufficient to determine the benefits due or which may become due to individuals performing covered work on its behalf, including records of compensation, time worked, and work performed.

29. Pursuant to the terms of the Labor Agreement and Trust Agreements, the Trusts have a program for the routine and regular inspection, examination, and audit of the payroll records of employers that are signatory to agreements requiring contributions to the Trusts.

30. The Labor Agreement and Trust Agreements require an employer to make their records available for such inspection.

31. If it becomes necessary for the Trusts to retain legal counsel to compel an employer to permit the examination of books or records, the Trust Agreements require the employer to reimburse the Trusts for all attorney's fees and costs and all audit fees incurred by the Trusts, whether or not legal proceedings were instituted and whether or not such examination discloses that the employer has failed to make appropriate or timely contributions to the Trusts.

32. If an audit reveals an underpayment or deficiency in reporting or payment of contributions, the Labor Agreement, Trust Agreements, and ERISA (29 U.S.C. § 1132(g)(2)) require the employer to pay to the Trusts the unpaid contributions, plus accrued interest, liquidated damages, audit fees, attorney's fees, and costs.

33. If after an audit an employer is found to owe money to the Trusts, the employer must pay the deficiency promptly.

34. The Plaintiffs engaged a professional accounting firm ("Auditor") to conduct a payroll compliance review ("Audit") of Cor-Ray's records to test compliance with the reporting and payment obligations imposed by the Labor Agreement and Trust Agreements for the period March 29, 2019 through March 31, 2021.

35. The Auditor compared the employee hours reported on the monthly remittance reports submitted to the Plaintiffs with Cor-Ray's payroll and related records to verify if all employees performing work covered by the Labor Agreement were reported to the Plaintiffs.

36. The Auditor identified 217.5 hours of work covered by the Labor Agreement

performed during the August 2019 work month that were not reported to the Plaintiffs.

37. The Auditor calculated unpaid fringe benefit contributions due to the Plaintiffs in the total amount of $4,961.04 as a result of the hours of covered labor performed by Cor-Ray employees that were not reported to the Plaintiffs.

38. Based on the rates set by the Boards of Trustees and the Trusts' governing documents, the Auditor also calculated interest in the total amount of $1,225.18 and liquidated damages in the total amount of $1,266.72 through May 31, 2023.

39. Interest and liquidated damages will continue to accrue until the contributions are paid.

40. The Plaintiffs have incurred audit fees in the total amount of $2,900.00, which must also be paid by the Defendants pursuant to the Labor Agreement, Trust Agreements, 29 U.S.C. § 1132(g)(2), and governing law.

41. The Plaintiffs have demanded payment of the amounts set forth above, but Cor-Ray has not complied.

42. As a result of the breaches and delinquencies described herein, Cor-Ray is currently indebted to the Plaintiffs pursuant to the express terms of the Labor Agreement, Trust Agreements, and ERISA (29 U.S.C. § 1132(g)(2)) in the amount of at least $10,352.94, plus such other additional interest and liquidated damages accruing until all contributions are paid in full, as well as attorneys' fees and costs incurred by the Plaintiffs.

43. The Plaintiffs have been required to engage the law firm of Christensen James & Martin, Chtd. to enforce the obligations indentified herein and have to date incurred attorneys' fees and costs totaling at least $2,500.00 as a result of Defendants' breaches and failures described herein. Cor-Ray is responsible to pay the sums incurred by the Plaintiffs for attorneys' fees and costs pursuant to the terms of the Labor Agreement, Trust Agreements, 29 U.S.C. § 1132(g)(2), and governing law.

44. Cor-Ray is obligated to pay the Plaintiffs all unpaid fringe benefit contributions plus accrued interest, liquidated damages, attorney's fees, costs of suit, and

audit costs, pursuant to 29 U.S.C. § 1132(g)(2).

45. In addition to the other relief sought herein, Plaintiffs also seek the Court's Judgment and Declaration requiring Cor-Ray to timely submit reports and pay contributions going forward and to pay all past due contributions, interest, liquidated damages, attorneys' fees, costs, and other contract damages (if any) that are determined to be owed prior to judgment.

46. The Plaintiffs are entitled to and seeks the Court's Order for these outstanding amounts owed in addition any additional amounts discovered by audit, after-accruing delinquencies, and attorney's fees and costs incurred by the Trusts.

47. The Plaintiffs have not yet conducted a payroll compliance review of Cor-Ray's records for the period April 1, 2021 through the present date ("Unaudited Period").

48. The Plaintiffs are entitled to the Court's Order requiring Cor-Ray to submit its records for an audit of the Unaudited Period and for payment of any and all amounts determined to be owed to the Plaintiffs as a result of the audit.

49. The Plaintiffs are entitled to and seeks the Court's Judgment requiring Cor-Ray to pay all future contributions that become owed as a result of Cor-Ray's obligations under the Labor Agreement and Trust Agreements along with any future interest, audit costs, attorneys' fees, court costs, and other contract damages that are subsequently determined to be owed prior to judgment.

50. The Plaintiffs are entitled to and seeks the Court's Order for these outstanding amounts owed in addition to any additional amounts discovered by audit, after-accruing delinquencies, and attorneys' fees and costs incurred by the Plaintiffs.

51. The delinquencies asserted herein, and any additional delinquencies that may be discovered through audit, owed by Cor-Ray to the Plaintiffs, are properly payable out of the proceeds of the Bonds.

52. Each of the Defendants are in some manner responsible for the actions, acts, and omissions herein alleged and the damages caused to the Plaintiffs, and are therefore

jointly and severally liable for the damages set forth herein.

53. Corporate officers are liable personally for contributions and related damages owed to the Employee Painters' Trust:

> Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

Employee Painters' Trust Amended and Restated Trust Agreement, Art. VIII, ¶ 8.

54. Whereas Tracy is the President of Cor-Ray responsible for payment of contributions by Cor-Ray to the Employee Painters' Trust, he is individually liable for the payment of the unpaid contributions, interest on the unpaid contributions, liquidated damages, audit costs, reasonable attorney's fees and costs of this action, and such other relief as the Court deems appropriate, that the Court may award to the Employee Painters' Trust.

**FIRST CAUSE OF ACTION**
[Breach of Written Labor Agreement & Trust Agreements – Cor-Ray, DOES, ROES]

55. Plaintiffs restate and reallege the above allegations.

56. By the terms of the Labor Agreement and Trust Agreements, Cor-Ray was required to timely and accurately remit reports and fringe benefit contributions to the Plaintiffs for each hour of covered labor performed by its employees.

57. Pursuant to the Labor Agreement and Trust Agreements, Cor-Ray agreed that in the event of late or non-payment of contributions, Cor-Ray would pay, in addition to the delinquent contributions: (i) interest thereon at the rates established by the Plaintiffs, or at the legal rate, whichever is greater; (ii) liquidated damages thereon in an amount set by the Labor Agreement, Trust Agreements, or as otherwise provided by law; and (iii) all audit fees, legal fees, and costs in connection therewith, whether incurred before or after litigation is commenced.

58. Cor-Ray, DOES, and ROES breached the Labor Agreement and Trust

Agreements by failing to comply with the terms and conditions described herein, including but not limited to failure to timely and accurately report covered labor and submit fringe benefit contributions and related damages when due.

59. It has been necessary for Plaintiffs to engage the law firm of Christensen James & Martin, Chtd. to enforce the contractual obligations owed to the Plaintiffs and collect any and all amounts due.

60. Pursuant to the Labor Agreement and Trust Agreements, Cor-Ray owes the Plaintiffs contributions calculated or measured by all hours of covered labor performed by Cor-Ray, plus interest at the contractual rate on all unpaid contributions from the dates the sums were originally due through the date of judgment, liquidated damages, and reasonable attorney's fees, collection costs, and auditing costs incurred by the Plaintiffs as a result of the breaches described herein.

61. Pursuant to the terms of the Labor Agreement and Trust Agreements, the Plaintiffs are entitled to an Order requiring Cor-Ray to submit its records for a payroll compliance review of the Unaudited Period and for payment of any amounts determined to be due.

62. At all times material herein, Cor-Ray, DOES, and ROES were and are the alter egos or guarantors of each other and are jointly and severally liable to the Plaintiffs for any and all obligations owed under the Labor Agreement and Trust Agreement.

63. The Plaintiffs are entitled to recover as damages from the Defendants any and all benefit contributions, interest, and liquidated damages owed to the Plaintiffs pursuant to the Labor Agreement and Trust Agreements.

64. Pursuant to the terms of the Labor Agreement, Trust Agreements, and ERISA, the Plaintiffs are entitled to an Order requiring Cor-Ray to reimburse the Plaintiffs for attorney's fees and costs incurred to enforce compliance with the Labor Agreement and Trust Agreements.

65. Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at

the rates set forth in their Trust Agreements or as may be allowed by law, whichever is higher. The amount of such interest will be established by proof at trial.

**SECOND CAUSE OF ACTION**
[Violation of ERISA – Cor-Ray, DOES, ROES]

66. Plaintiffs restate and reallege the above allegations.

67. By failing to timely and accurately report and/or pay contributions and contract damages to the Plaintiffs in accordance with the Labor Agreement and Trust Agreements, Cor-Ray, DOES, and ROES have violated Section 515 of ERISA [29 U.S.C. § 1145].

68. In accordance with the terms of the Labor Agreement and Trust Agreements, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§ 1132(g)(2) and 1145], the Plaintiffs are entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, audit fees, attorneys' fees, and costs incurred in enforcing the terms of the Labor Agreement and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

69. Under 29 U.S.C. § 1132(g)(2)(C), in addition to the interest owed under 29 U.S.C. § 1132(g)(2)(B), the Plaintiffs are entitled to an amount equal to the interest or liquidated damages calculated according to the terms of the governing agreements, whichever is greater.

70. Pursuant to 29 U.S.C. § 1132(g)(2)(E), the Plaintiffs are entitled to such other legal or equitable relief as the Court deems appropriate.

71. The contract breaches and violations of ERISA identified above harm the Plaintiffs and place at risk the Plaintiffs' ability to provide required employee benefits to its beneficiaries.

72. The Plaintiffs' remedies at law are not sufficient to adequately compensate the Plaintiffs or their beneficiaries for past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

73. The Plaintiffs are likely to prevail on the merits of their claims.

74. The Plaintiffs are entitled to injunctive relief pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E) and other applicable law affirmatively compelling Cor-Ray to timely submit all monthly remittance reports, pay all contribution amounts and related damages to the Plaintiffs, and submit to an audit of the Unaudited Period.

75. The Plaintiffs are entitled to all remedies provided by ERISA as and for compensation for the Defendants' violations.

### THIRD CAUSE OF ACTION
[Demand for Relief on Bonds – FDC]

76. Plaintiffs restate and reallege the above allegations.

77. FDC issued the Bonds as a condition for Cor-Ray to maintain its Contracting Licenses and/or in compliance with the Labor Agreement.

78. The Plaintiffs, and Cor-Ray's employees who provided labor as described herein, are intended third-party beneficiaries under the Bonds.

79. The delinquencies asserted herein owed by Cor-Ray to the Plaintiffs are properly payable out of the proceeds of the Bonds pursuant to the express terms of any Bond Agreement, California Business and Professions Code § 7071.5, and/or NRS 624.273.

80. The proceeds of the Bond must be paid to the Plaintiffs in full or partial satisfaction, as the case may be, of Cor-Ray's obligations owed to its employees and the Plaintiffs or as damages caused by Cor-Ray's failure to properly act in accordance with the Labor Agreement and/or the law, subject only to the penal limit on the Bonds.

### THIRD CAUSE OF ACTION
[Breach of Written Trust Agreements – Tracy]

81. The Plaintiffs herein restate and reallege the above allegations.

82. The Labor Agreement expressly incorporates the terms of the Trust Agreements governing the Trusts, including the Trust Agreement for the Employee Painters' Trust, and expressly binds signatory employers, including Cor-Ray, to the terms of the Trust

Agreements.

83. The Trust Agreement for the Employee Painters' Trust contains an express provision imposing personal liability for unpaid contributions and related damages on the President, Treasurer, or other corporate officer of the employer responsible for payment of contributions for an employer required to make such contributions.

84. Defendant Tracy, as Cor-Ray's President and corporate officer responsible for payment of contributions to the Employee Painters' Trust, became personally and individually bound and liable under the Trust Agreement governing the Employee Painters' Trust for all unpaid fringe benefit contributions, accrued interest, liquidated damages, attorney's fees, costs of suit, and audit costs owed to the Employee Painters' Trust by Cor-Ray.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order enjoining Cor-Ray from failing to timely pay to the Plaintiffs delinquent amounts discovered by the audit or as otherwise incurred in the normal course of business;

2. For the Court's Order compelling Cor-Ray to deliver to the Plaintiffs accurate monthly remittance reports on a timely basis detailing all covered work performed;

3. For the Court's Order affirmatively compelling Cor-Ray to abide by the terms of the Labor Agreement and Trust Agreements, including, but not limited to, submitting and paying accurate monthly contribution remittance reports and contribution amounts to the Plaintiffs on a timely basis;

4. For the Court's Order requiring Cor-Ray to submit its records for a payroll compliance review of the Unaudited Period and for payment of any amounts determined to be due;

5. For the Court's Order awarding all contributions currently due, as well as

liquidated damages, interest, audit fees, attorney's fees, and costs incurred in enforcing the terms of the Labor Agreement and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate;

6. For unpaid fringe benefit contributions in amounts to be proven at trial;

7. For damages for breach of contract in an amount to be proven at trial;

8. For an amount equal to the greater of the interest owed on the unpaid contributions or liquidated damages, in amounts to be proven at trial;

9. For accrued interest on all unpaid contributions and damages from their due dates until paid;

10. For the Plaintiffs' reasonable audit fees and costs, in an amount to be proven at trial;

11. For the Plaintiffs' reasonable attorney's fees, in amount to be proven at trial;

12. For the Plaintiffs' costs of suit;

13. For relief against the Bonds;

14. For such additional relief as may be provided for by 29 U.S.C. § 1132(g); and

15. For such additional relief as this Court deems just and proper.

DATED this 30th day of May, 2023.

CHRISTENSEN JAMES & MARTIN, CHTD.

By: /s/ Dylan J. Lawter
Dylan J. Lawter, Esq. (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 255-1718
Fax: (702) 255-0871
Email: djl@cjmlv.com
*Attorneys for Plaintiffs Board of Trustees of the Employee Painters' Trust, et al.*